# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden<br><br>**Defendants**<br><br>JPMorgan Chase Bank, N.A.<br><br>**Party-In-Interest** | CIVIL ACTION NO: 1:21-cv-00214-LEW<br><br>RE:<br>30 Phoenix Lane, Blue Hill, ME 04614<br><br>Mortgage:<br>September 18, 2005<br>Book 4300, Page 177 |

## FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, Richard I. Bowden and Jackie L. Bowden, by and through the undersigned counsel and hereby answer the Plaintiff's Complaint and assert the following affirmative defenses.

## JURISDICTION AND VENUE

1. Denied. Defendants deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint. Specifically, Defendants deny that the Plaintiff has plead facts sufficient to allow the Court to conclude that U.S. Bank Trust, N.A., has sufficient control over the LSF9 Master Participation Trust for the citizenship of U.S. Bank Trust, N.A., to be dispositive of the Plaintiff's citizenship for diversity jurisdiction purposes.

2. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 2 of the Plaintiff's Complaint, and therefore deny the same.

3. Admitted.

4. Admitted.

## PARTIES

5. Admitted.

6. Admitted.

7. Admitted.

## FACTS

1. Admitted.

2. Admitted as to the existence of the Deed referenced in this second Paragraph 2 of the Complaint. Denied as to the legal conclusion about the effect of the alleged judgment.

3. Admitted.

4. Admitted as to the signing of a deed by Bowden on or around said date. Denied as to the rest.

5. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in the second Paragraph 5 of the Plaintiff's Complaint, and therefore deny the same.

6. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in the second Paragraph 6 of the Plaintiff's Complaint, and therefore deny the same.

7. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in the second Paragraph 7 of the Plaintiff's Complaint, and therefore deny the same.

8. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 8 of the Plaintiff's Complaint, and therefore deny the same.

9. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 9 of the Plaintiff's Complaint, and therefore deny the same.

10. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 10 of the Plaintiff's Complaint, and therefore deny the same.

11. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Denied.

13. Denied.

14. Admitted as to the alleged absence of payment by the Defendants to the Plaintiff, but denied as to all other facts or inferences in Paragraph 14.

15. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 15 of the Plaintiff's Complaint, and therefore deny the same.

16. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 16 of the Plaintiff's Complaint, and therefore deny the same.

17. Denied to the extent that Paragraph 17 contains a factual allegation.

18. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 18 of the Plaintiff's Complaint, and therefore deny the same.

19. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 19 of the Plaintiff's Complaint, and therefore deny the same.

20. Admitted as to the allegation that the Defendants possess the property. Denied as to rest of the allegations in Paragraph 20.

## COUNT I - FORECLOSURE AND SALE

21. The Defendants repeat and reallage their answers to Paragraphs 1-7 under the sections titled "Jurisdiction and Venue" and "Parties" and repeat and reallege their answers to Paragraphs 1-20 in the Section titled "Facts" in the Plaintiff's original complaint.

22. Denied. The Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 23 of the Plaintiff's Complaint, and therefore deny the same.

24. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 24 of the Plaintiff's Complaint, and therefore deny the same.

25. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 25 of the Plaintiff's Complaint, and therefore deny the same.

26. Denied. The Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 26 of the Plaintiff's Complaint, and therefore deny the same.

27. Admitted.

28. Denied. The Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny in part and admit in part the allegations in Paragraph 29 of the Complaint. Admitted as to the mailing of a letter. Denied as to the conclusion that the letter is in conformity with applicable law.

30. Admitted.

WHEREFOR the Defendants ask that the Complaint against them be dismissed with prejudice and that the court award them their reasonable costs and legal fees as is permitted by law.

<u>AFFIRMATIVE DEFENSES</u>.

FIRST AFFIRMATIVE DEFENSE: Lack of Jurisdiction -- including but not limited to the fact that there is not complete diversity between the parties in that the beneficiaries of the LSF9 Trust are not known and have not been revealed in either disclosures to the Court or the Complaint. And, on information and belief, there may be beneficiaries of said trust who are citizens of the State of Maine.

SECOND AFFIRMATIVE DEFENSE: The relevant limitations period to bring this claim has expired, and the action is barred as to one or both Defendants. Specifically, though not exclusively, the statute of limitations for an action to resolve any ambiguities in the mortgage deed as to the Defendant Richard Bowden has expired.

THIRD AFFIRMATIVE DEFENSE: The Plaintiff lacks standing to bring this action because it does not have title to the mortgage in question.

FOURTH AFFIRMATIVE DEFENSE: The Complaint fails to state a claim for which relief can be granted.

FIFTH AFFIRMATIVE DEFENSE: The Mortgage does not describe the property over which the Plaintiff seeks to foreclose.

SIXTH AFFIRATIVE DEFENSE: Failure of the Plaintiff to comply with 14 M.R.S.A. § 6321-A.

SEVENTH AFFIRMATIVE DEFENSE: Failure of the Plaintiff to comply with 14 M.R.S.A. §§ 6321 and 6111.

EIGHTH AFFIRMATIVE DEFENSE: Defensive Res Judicata. This action is barred because it was a compulsory counterclaim to the 2012 declaratory judgment action referenced in the Complaint and Exhibit J. That action related to the same note and mortgage as is at question in this matter. At the time of the Declaratory Judgment Action, the Defendants had, allegedly, been in default on their obligations under the note and mortgage for over a year. Additionally, Richard Bowden was not a party to the declaratory judgment action referenced in the Complaint and Exhibit J, and it is not binding on him.

Dated: November 24, 2021          John Z. Steed   
John Z. Steed, Esq.
Law Offices of Ellen S. Best
P.O. Box 386
Blue Hill, Maine 04614
(207) 374-2573
jsteed@ellenbestlaw.com