UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>**Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden**<br><br>**Defendants**<br>**JPMorgan Chase Bank, N.A.**<br><br>**Party-In-Interest** | CIVIL ACTION NO: 1:21-cv-00214-LEW<br><br>AMENDED COMPLAINT<br><br>RE:<br>30 Phoenix Lane, Blue Hill, ME 04614<br><br>Mortgage:<br>September 18, 2005<br>Book 4300, Page 177 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant,

Richard I. Bowden a/k/a Richard Ivan Bowden, is the obligor and the total amount owed under the terms of the Note is One Hundred Ninety-Two Thousand Four Hundred Forty-Eight and 94/100 ($192,448.94) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation incorporated in Delaware with its principal place of business located at 800 Nicollet Mall, Minneapolis, Minnesota 55402, and as such is a citizen of Delaware and Minnesota, *See BRT Management LLC v. Malden Storage LLC,* 2023 WL 357390, (1st Cir. May 22, 2023); and *1900 Capital Trust III by U.S. Bank Trust National Association v. Sidelinger* 2021 WL 864951.

5. The Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden, is a resident of Blue Hill, County of Hancock and State of Maine.

6. The Defendant, Jackie L. Bowden, is a resident of Blue Hill, County of Hancock and State of Maine.

7. The Party-in-Interest, JP Morgan Chase Bank, N.A., is located at c/o CT Corporation System, 128 State Street, #3, Augusta, ME 04330.

# FACTS

8. On August 25, 1986 by virtue of a Quitclaim Deed from Black Hawk Corporation, which is recorded in the Hancock County Registry of Deeds in **Book 1607, Page 308**, the property situated at 30 Phoenix Lane, City/Town of Blue Hill, County of Hancock, and State of Maine, was conveyed to Richard I. Bowden and Jackie L. Bowden, being more particularly described by the attached Exhibit A;

9. On February 9, 2010, by virtue of a Quitclaim Deed from Richard I. Bowden and Jackie L. Bowden, which is recorded in the Hancock County Registry of Deeds in **Book 5371, Page 180**, the property situated at 30 Phoenix Lane, City/Town of Blue Hill, County of Hancock, and State of Maine, was conveyed to Jackie L. Bowden, being more particularly described by the attached Exhibit A as affected by the Judgment from the Ellsworth District Court recorded in the Hancock Registry of Deeds Book 6943, Page 786;

10. On September 18, 2005, Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note under seal in the amount of $125,000.00. Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on September 18, 2005, Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 30 Phoenix Lane, Blue Hill, ME 04614 which Mortgage Deed is recorded in the Hancock County Registry of Deeds in **Book 4300**, **Page 177**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated November 2, 2010 and recorded in the Hancock County Registry of Deeds in **Book 5522**, **Page 72**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated June 25, 2014 and recorded in the Hancock County Registry of Deeds in **Book 6250**, **Page 224**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated February 20, 2015 and recorded in the Hancock County Registry of Deeds in **Book 6353**, **Page 340**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was further assigned to Ocwen Loan Servicing, LLC by virtue of a Ratification of Assignment dated July 17, 2015 and recorded in the Hancock County Registry of Deeds in **Book 6431**, **Page 248**. *See* Exhibit G (a true and correct copy of the Ratification of Assignment is attached hereto and incorporated herein).

16. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated July 21, 2016 and recorded in the Hancock County Registry of Deeds in **Book 6650**, **Page 43**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Quitclaim Assignment dated December 20, 2019 and recorded in the Hancock County Registry of Deeds in **Book 6996**, **Page 828**. *See* Exhibit I

(a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

18. On February 13, 2014, by virtue of a judgment entered in the Ellsworth District Court, Jackie L. Bowden was found to have a mortgage interest in the property located at 30 Phoenix Lane, Blue Hill, Hancock County, Maine, as recorded in the Hancock County Registry of Deeds at Book 4300, Page 0177. *See* Exhibit J (a true and correct copy of the Judgment is attached hereto and incorporated herein).

19. On May 10, 2021, the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

21. The Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

25. JPMorgan Chase Bank, N.A. is a Party-in-Interest pursuant to a Mortgage in the amount of $86,000.00 dated July 15, 2008, and recorded in the Hancock County Registry of Deeds in **Book 5039**, **Page 81** and is in second position behind Plaintiff's Mortgage.

26. The total debt owed under the Note and Mortgage as of July 1, 2021 is One Hundred Ninety-Two Thousand Four Hundred Forty-Eight and 94/100 ($192,448.94) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $94,051.69 |
| Interest | $60,728.34 |
| Escrow Advance | $34,955.23 |
| Recoverable Balance | $2,713.68 |
| Grand Total | $192,448.94 |

27. Upon information and belief, the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

29. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 30 Phoenix Lane, Blue Hill, County of Hancock, and State of Maine. *See* Exhibit A.

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 3 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendants, Jackie L. Bowden Richard I. Bowden a/k/a Richard Ivan Bowden, is presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2010, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

33. The total debt owed under the Note and Mortgage as of July 1, 2021 is One Hundred Ninety-Two Thousand Four Hundred Forty-Eight and 94/100 ($192,448.94) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $94,051.69 |
| Interest | $60,728.34 |
| Escrow Advance | $34,955.23 |
| Recoverable Balance | $2,713.68 |
| Grand Total | $192,448.94 |

34. The record established through the Hancock County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden, but only seeks *in rem* judgment against the property.

36. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, on May 10, 2021, evidenced by the Certificate of Mailing. *See* Exhibit K.

37. The Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, are not in the Military as evidenced by the attached Exhibit L.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, is in breach of the Note by failing to make payment due as of February 1, 2010, and all subsequent payments, however, as affected by Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden's discharge in bankruptcy, this action <u>does not</u> seek any personal

liability on the part of the Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden, but only seeks *in rem* judgment against the property;

d) Find that the Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden, entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of the Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden, and the original lender, Taylor, Bean & Whitaker Mortgage Corp., on September 18, 2005 to create a mortgage on the property commonly known as and numbered as 30 Phoenix Lane, Blue Hill, ME 04614;

f) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

g) Find that while the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 30 Phoenix Lane, Blue Hill, ME 04614;

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: September 18, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

## CERTIFICATE OF SERVICE

  I, Reneau J. Longoria, Esq., hereby certify that on this 18th day of September, 2023 I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

                 /s/ Reneau J. Longoria, Esq.
                 Reneau J. Longoria, Esq. Bar No. 005746
                 Attorney for Plaintiff
                 Doonan, Graves & Longoria, LLC
                 100 Cummings Center, Suite 303C
                 Beverly, MA 01915
                 (978) 921-2670
                 RJL@dgandl.com

## SERVICE LIST

John Z Steed, Esq.
PO Box 386
Blue Hill, ME 04614


JP Morgan Chase Bank, N.A.
c/o CT Corporation System, 128 State Street, #3
Augusta, ME 04330