UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden<br><br>**Defendants**<br><br>JPMorgan Chase Bank, N.A.<br><br>**Party-In-Interest** | CIVIL ACTION NO: 1:21-cv-00214-LEW<br><br><br>RE:<br>30 Phoenix Lane, Blue Hill, ME 04614<br><br>Mortgage:<br>September 18, 2005<br>Book 4300, Page 177 |

NOW COME Defendants, by and through counsel and provide the following facts as stipulated and agreed to for purposes of summary judgment. The Parties agree to these stipulated facts for the purpose of summary judgment only. Citations as to stipulated facts are provided for convenience so that the factual basis for key stipulated facts may be easily verified. The Defendants' Statement of Supporting Material Facts follows.

## STATEMENT OF STIPULATED FACTS

1. On August 25, 1986, by virtue of a Quitclaim Deed from Black Hawk Corporation, which is recorded in the Hancock County Registry of Deeds in Book 1607, Page 308, the property situated at 30 Phoenix Lane, City/Town of Blue Hill, County of Hancock, and State of Maine, ("Premises") was conveyed to Richard I. Bowden and Jackie L. Bowden.

2. On September 18, 2005, Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note under seal, in the amount of $125,000.00, ("Richard Bowden Note").[1]

3. To secure said Note, on September 18, 2005, Defendant, Richard I. Bowden a/k/a Richard Ivan Bowden executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 30 Phoenix Lane, Blue Hill, ME 04614 which Mortgage Deed is recorded in the Hancock County Registry of Deeds in Book 4300, Page 177. ("Bowden Mortgage").[2]

4. On February 9, 2010, by virtue of a Quitclaim Deed from Richard I. Bowden and Jackie L. Bowden, which is recorded in the Hancock County Registry of Deeds in Book 5371, Page 180, the property situated at 30 Phoenix Lane, City/Town of Blue Hill, County of Hancock, and State of Maine, was conveyed to Jackie L. Bowden. This was pursuant to the parties' divorce decree entered earlier that year.

5. Defendant, Richard I Bowden filed a Chapter 7 Bankruptcy Voluntary Petition and on September 21, 2010, an Order Discharging Debtor was issued and on September 27, 2010, a Final Decree, Discharging Trustee and Closing Bankruptcy Case was entered.

6. Ocwen sought relief from the bankruptcy stay in the Bowden Bankruptcy and said that the principal due on the Richard Bowden Note/Bowden Mortgage was $93,845.77.[3]

7. On January 13, 2012, a foreclosure judgment (the "2012 Foreclosure Judgment") was entered in Civil Action No. RE-10-215 in Hancock County, against Richard I Bowden, a/k/a Richard Ivan Bowden, finding that as of June 5, 2011, the following sums are due and accruing on the Bowden Mortgage:

| | |
|---|---|
| Principal: | $93,845.77 |
| Accrued Interest: | $7,144.86 |
| Escrow Advance: | $2,903.23 |
| Late Charges: | $205.92 |
| Property Inspection Fees: | $84.00 |
| Title Report Fee: | $300.00 |
| Prior Bankruptcy Costs and Fees: | $775.00 |
| Attorney's Fees and Costs: | $1999.58 |
| **TOTAL:** | **$107,259.36** |

The judgment also states that "additional interest is accruing at a rate of $12.86 per day."[4]

---

[1] See Note; Doc 54-1, #252-54.
[2] See Mortgage; Doc 54-2, #255-69.
[3] See Motion for Relief from Automatic Stay; Doc 54-7, #295.
[4] See Judgment for Foreclosure and Sale; Doc 54-4, #277.

8. The 2012 Foreclosure Judgment was a prior valid final judgment in the above captioned foreclosure brought by Ocwen Loan Servicing LLC, against Richard Bowden only, was not appealed, and foreclosed the same mortgage and the same property as at issue in the instant action brought against Richard and Jackie Bowden following the 2014 Judgment establishing that Jackie Bowden's interest is subject to the Bowden Mortgage.[5]

9. The Bowden Mortgage was extended to Jackie Bowden's interest in the property by the Judgment from the Ellsworth District Court entered on February 13, 2014, following a trial held on December 3, 2013.[6]

10. Said Judgment confirmed that Jackie Bowden's interest in 30 Phoenix Lane, Blue Hill, Hancock County, Maine is subject to the Bowden Mortgage recorded in the Hancock County Registry of Deeds at Book 4300, Page 0177, as specifically set forth in the Judgment recorded in the Hancock Registry of Deeds Book 6943, Page 786.[7]

11. The Judgment in the 2014 case also specifically established the standing of Nationstar to enforce the Bowden Mortgage as well as recognizing that Richard Bowden is not individually responsible for the underlying debt due to his discharge in Bankruptcy and Jackie Bowden is not individually responsible for the underlying debt due to the fact that she did not sign the Note.[8]

12. The Bowden Mortgage was assigned to the Plaintiff in this action, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Quitclaim Assignment dated December 20, 2019, and recorded in the Hancock County Registry of Deeds in Book 6996, Page 828.[9]

13. The last payment was made on January 1, 2010, and the Richard Bowden loan is due for February 1, 2010.[10]

14. The Richard Bowden loan matured on October 1, 2020, specifically in the Note Richard Bowden agreed that: "I will make [] payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on October 01, 2020, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."[11]

15. On May 10, 2021, the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, were sent a Demand/Notice of Mortgagor's Right to Cure on the mature loan that included language specifically acknowledging that it was not an attempt to collect a debt based on Richard Bowden's Discharge.[12]

---

[5] See Judgment for Foreclosure and Sale HANDC-2010-00215; Doc 54-4, #276-280. Docket Record HANDC-2010-00215; Doc 54-5, #281-85. Paterno Dep. at 68:20-69-5, Doc. 54-8, #368-69. See Judgment HANDC-RE-2012-00019; Doc 54-6, #286-88.
[6] See Judgment HANDC-RE-2012-00019; Doc 54-6, #286-88.
[7] Id.
[8] Id.
[9] See Quitclaim Assignment; Doc 54-3, #275.
[10] See Notice of Mortgagor's Right to Cure; Doc 54-11, #630.
[11] See Note ¶ 3; Doc 54-1, #397.
[12] See Notice of Mortgagor's Right to Cure; Doc 54-11, #629-57.

16. The Demand/Notice says that "[a]n itemization of all past due amounts, including, but not limited to, reasonable interest and late charges, attorney's fees and other reasonable fees and costs, causing the loan to be in default is as follows:

    Payments $94,051.69,

    Interest $59,831.66,

    Escrow Advances $33,444.23,

    Recoverable Balance $2,253.68

    Total $189,471.26" [13]

17. The difference between the principle due in the 2011 figures as set forth in the 2012 Foreclosure Judgment and the Principle (labeled Payments) set forth in the 2021 letter is $205.92.

18. The $205.92 was itemized in the 2012 Foreclosure Judgment as late charges.[14]

19. The $205.92 was included in the pay-off statement and the 2021 Demand/Notice as principle as it had been moved to principle as a deferment (non-interest-bearing amount) by the prior servicer.

20. The Premises have been Jackie Bowden's primary residence from November 2, 1986, to the Present. They have also been Richard Bowden's primary residence from November 2, 1986 to the present, apart from about three years, from January of 2010 until the Spring of 2013.

21. The Demand Letter informed the Defendants, Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden, of the total amount the Plaintiffs claimed to be due on the mature loan and the deadline by which they demanded that amount be paid, which was thirty-five (35) days from receipt of the Demand Letter.[15]

22. There are 3627 days from June 5, 2011, to May 10, 2021 (the date of the Default Notice).

23. Ocwen and the Plaintiff are in privity as to the Bowden Mortgage and the Bowden Foreclosure Judgment.[16]

24. The mortgage was assigned as laid out in the assignments attached to the Complaint.[17]

25. Richard Bowden and Jackie Bowden are in privity as it relates to the Mortgage and the Premises.[18]

26. Richard Bowden and Jackie Bowden lived on the Premises as their primary residence when the Plaintiff sent the Default Notice.

---

[13] Id.
[14] See Judgment for Foreclosure and Sale HANDC-2010-00215; Doc 54-4, #277.
[15] See Notice of Mortgagor's Right to Cure; Doc 54-11, #629-57.
[16] See Mortgage Assignments; Doc 54-3, #270-75.
[17] Id.
[18] See Stip. Facts ¶¶ 1, 20.

27. The $2,143.68 of "Recoverable Balance" in the Default Notice is made up of the "transferred balance from Caliber Home Loans for 1,553.68, two $20 property inspections that were done by Fay [Servicing, LLC, the current servicer for the Bowden Mortgage], and then a $550 attorney fee that was paid to our attorney, which added to that 1,553.68 to have the recoverable balance of 2,143.68."[19]

28. The $33,444.23 of "Escrow Advance" in the Default Notice is made up of payments by the Plaintiff and its predecessors for both property tax and hazard insurance.[20]

29. The heading for "Payments" in the Default Notice is not the total of missed payments, it should have read "Principal" because $94,051.69 is what the Plaintiff claims is due for Principal on the mature loan.[21]

### DEFENDANTS' SUPPORTING STATEMENT OF MATERIAL FACTS

1. The proceeds of the loan from Taylor, Bean, & Whitaker Mortgage Corporation to Richard Bowden, secured by the Note and Mortgage references in the Paragraphs Two and Three of the above Statement of Stipulated Facts, were used primarily for personal, family or household use.[22]

Dated: May 22, 2024                                      Respectfully Submitted,

/s/ John Z. Steed
John Z. Steed, Esq.
Island Justice
P.O. Box 771
Stonington, ME 04681
207.200.7077
john@islandjusticelaw.com

---

[19] Paterno Dep. at 78:1-78:8, Doc. 54-8, #378.
[20] Paterno Dep. at 31:6-31:9, Doc. 54-8, #331.
[21] Paterno Dep. at 73:4-73:12, Doc. 54-8, #373; See Plaintiff's Amended Complaint (Doc. 31, at ¶ 26); See Stip. Facts ¶ 16.
[22] Declaration of Richard I. Bowden, Doc. 55-1, #659-60, ¶¶ 7-8.