UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden<br><br>**Defendants**<br><br>JPMorgan Chase Bank, N.A.<br><br>**Party-In-Interest** | CIVIL ACTION NO: 1:21-cv-00214-LEW<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT & CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>RE:<br>30 Phoenix Lane, Blue Hill, ME 04614<br><br>Mortgage:<br>September 18, 2005<br>Book 4300, Page 177 |

NOW COMES the Plaintiff in this matter, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), by and through its undersigned counsel, and hereby opposes the Defendants,' Richard I. Bowden a/k/a Richard Ivan Bowden, ("Richard") and Jackie L. Bowden, ("Jackie"),  Motion for Summary Judgment and files this, its Cross-Motion for Summary Judgment, in its favor on the issue of the necessity and validity of the additional 14 M.R.S. §6111 Notice of Right to Cure ("6111 Notice") as a prerequisite to this *in rem* action to complete the foreclosure of its mortgage dated September 16, 2005, recorded in the Hancock County Registry of Deeds in Book 4300, Page 177, ("Bowden Mortgage") on 30 Phoenix Lane, Blue Hill, ME 04614, (the "Property").

### I. INTRODUCTION

This action concerns a mortgage loan that has remained in default since January of 2010,

and for which neither Richard nor Jackie is individually liable for its repayment.[1] Nevertheless, U.S. Bank has the right to enforce its lien *in rem* as Maine is a Title Theory State.[2] Where, as here, the Parties agree that the 2012 *in rem* Foreclosure Judgment foreclosing the Bowden Mortgage on the Property is valid,[3] all of the elements of a valid foreclosure required by law, including the proof of a valid 6111 Notice were duly established as a matter of law in 2012.[4] The 2014 Declaratory Judgment, which entered against Jackie as a result of her initiation of an action to escape the consequences of the 2012 Foreclosure Judgment, confirmed that Jackie was subject to the Mortgage granted in 2006 for the purpose of refinancing a then-existing loan, secured by the marital premises, that Richard and Jackie obtained in 2003.[5] For this reason, both Richard and Jackie are estopped from challenging the instant *in rem* action brought for the purpose of extinguishing any remaining interest that either Defendant may have in the Property following the 2012 Foreclosure Judgment and expiration of the 90-day Right of Redemption.[6]

As a matter of law, the Judgment to be entered in this *in rem* foreclosure action is clear-cut based upon the 2012 Foreclosure Judgment that followed both Richard's transfer of all of his interest in the Property to Jackie in 2010 as a result of their divorce, as well as his receipt, also in 2010, of a Chapter 7 discharge of his individual liability as the sole obligor on the Bowden Note. Because the Defendants failed to exercise their right of redemption during the 90-day redemption period, the 2012 Foreclosure Judgment extinguished any right of redemption that either Richard or Jackie possessed.[7]

As the Parties have stipulated to the validity of the 2012 Foreclosure Judgment, so too

---

[1] *See* Statement of Stipulated Facts, Doc. 56, ("Stip. Facts") ¶ 5 and 13.
[2] *See Johnson-Toothaker v. Bayview*, 2022 WL 3278883, at 4, August 11, 2022 (D. Me),
[3] *See* Statement of Stipulated Facts, Doc. 56, ("Stip. Facts") ¶¶ 7 and 8).
[4] *See* 2012 Foreclosure Judgment: HANDC-RE-2010-00215, Doc 54-4, #277.
[5] *See* Declaratory Judgment, February 13, 2014, HANDC-RE-2012-00019; Doc 54-6, #286-88.
[6] *See Finch v. U.S. Bank, N.A.*, 307 A.3d 1049, 1058 (Me. 2024).
[7] *See KeyBank National Association v. Keniston,* 2023 ME 38, ¶15-17, 298 A.3d 800, 805-806 (2023).

must judgment enter as a matter of law in the instant action based on the fundamental principles of *res judicata*.[8] Jackie did not sign the 2006 Bowden Note or Mortgage, however she is subject to the Mortgage as a matter of law by virtue of the Declaratory Judgment entered in her 2014 action reforming the legal description of the Property as set forth in the 2006 Mortgage and establishing that Jackie was subject to the Mortgage as she received the benefit of the loan.[9] Based on this finding, Jackie's interest was also foreclosed by the 2012 Foreclosure Judgment. Jackie consented to her dismissal from the 2012 case and did not present any defense to the foreclosure action. That was her strategic decision, or mistake, and it cannot give her another bite at the apple because the 2012 Foreclosure Judgment is final and was not challenged.[10] The fact that the loan is mature and not paid off prior to the 2020 maturity date, despite the stated ability to do so, as well as the fact that Jackie is not a "borrower-defendant" personally obligated on the note, are additional reasons why she was not, and is not, entitled to a 6111 Notice of Right to Cure. For all of these reasons, the Defendants' Motion for Summary Judgment must be denied and an *in rem* Judgment of Foreclosure and Sale should enter as a matter of law in favor of U.S. Bank confirming that Richard and Jackie no longer hold any right of redemption.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court shall grant summary judgment if the movant shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute is "genuine" if "it can be resolved in favor of either party," and a fact is "material" if "it has the potential of affecting the outcome of the case."[11] The Defendants in this instant matter are the moving parties and bear the initial

---

[8] *See Finch v. U.S. Bank, N.A.*, 307 A.3d at 1058.
[9] *See* Declaratory Judgment, February 13, 2014, HANDC-RE-2012-00019; Doc 54-6, #286-88.
[10] *See Wells Fargo Bank N.A.* v *White*, 2015 ME 145, ¶¶ 6, 11-13.
[11] *Vesper Maritime v. Lyman Morse Boatbuilding, Inc.,* 502 F.Supp. 3d 551, 559 (D. Me. 2020)(quoting *Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020)(internal quotation

burden of showing that no such dispute exists, and the Plaintiff must respond "with sufficient evidence to allow a reasonable jury to find in its favor with respect to each issue on which it has the burden of proof."[12] *Id.* (internal quotation marks omitted).

In considering the Motion, the record is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn in its favor.[13] The Court is "not obliged either 'to draw unreasonable inferences or credit bad assertions [or] empty conclusions.'"[14] "Mere allegations, or conjecture unsupported in the record, are insufficient."[15] The "ground rules for summary judgment leave 'no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his [or her] own ideas of probability and likelihood (no matter how reasonable those ideas may be)' on the cold pages of the record."[16]

### III.    SUMMARY OF RELEVANT FACTS

On September 18, 2005, Richard executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note, under seal, in the amount of $125,000.00 ("Richard Bowden Note").[17] Richard and Jackie originally purchased the property in 1986 and held title to the same jointly in 2005 at the time that they refinanced their 2003 loan.[18] To secure the Richard Bowden Note, Richard executed a Mortgage Deed ("Bowden Mortgage") in favor of Mortgage Electronic

---

marks omitted)).
[12] *Id.* (internal quotation marks omitted)
[13] *Id.* (citing *Perry v. Roy,* 782 F.3d 73, 77 (1st Cir. 2015)).
[14] *Id.* (citing *Theriault v. Genesis HealthCare LLC*, 890 F.3d 342, 348 (1st Cir. 2018)).
[15] *Barros-Villahermosa v. United States,* 642 F.3d 56, 58 (1st Cir. 2011).
[16] *Noveletsky v. Metropolitan Life Ins. Co., Inc.*, 12-CV-00021-NT, 2013 WL 2945058, at *2 (D. Me. June 14, 2013)(quoting *Rodriguez v. Municipality of San Juan,* 659 F.3d 168, 175 (1st Cir.2011)).
[17] *See* Note; Doc 54-1, #252-54.
[18] *See* Stip. Facts, Doc. 56, ¶¶ 1 and 2.

Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the Property.[19]

The last payment on the Bowden Mortgage was made on January 1, 2010, and the loan is due for February 1, 2010.[20] On February 9, 2010, after he stopped paying the loan, Richard deeded his interest in the Property to his ex-wife Jackie pursuant to the Defendants' divorce decree.[21] Thereafter, Richard declared bankruptcy, and on September 21, 2010, he was discharged from personal liability for the subject loan.[22]

The lender sought and obtained relief from the automatic stay in the Bowden Bankruptcy and then filed the 2010 Foreclosure Complaint seeking an *in rem* judgment against the Property, naming both Richard and Jackie in the action, however, by agreement, the lender dismissed Jackie from the action.[23] On January 13, 2012, the 2012 an *in rem* Foreclosure Judgment entered in Civil Action No. RE-10-215 in Hancock County.[24] As set forth in the 2012 Foreclosure Judgment, the right of redemption was extinguished ninety days later pursuant to the governing statute.[25] The Foreclosure Judgment was *in rem* and did not seek personal liability from either Richard or Jackie.[26] Although the Foreclosure Judgment was not a money judgment, it included a finding that as of June 5, 2011, the following sums were due and owing on the Richard Bowden Note:

| | |
|---|---|
| Principal: | $93,845.77 |
| Accrued Interest: | $7,144.86 |
| Escrow Advance: | $2,903.23 |

---

[19] *See* Mortgage, Doc 54-2, #255-69; Stip. Facts ¶ 3.
[20] *See* Stip. Facts ¶ 13.
[21] *See* Stip. Facts ¶ 4.
[22] *See* Stip. Facts ¶¶ 4-5.
[23] *See* Stip. Facts ¶¶ 8-10.
[24] *See* Stip. Facts ¶¶ 6-7; 2012 Foreclosure Judgment, Doc 54-4, #255-69.
[25] *See* 2012 Foreclosure Judgment ¶ 10, Doc 54-4, #278.
[26] *Id.*

| | |
|---|---|
| Late Charges: | $205.92 |
| Property Inspection Fees: | $84.00 |
| Title Report Fee: | $300.00 |
| Prior Bankruptcy Costs and Fees: | $775.00 |
| Attorney's Fees and Costs: | $1999.58 |
| **TOTAL:** | **$107,259.36**[27] |

In 2012, while aware of the fact that the Bowden Mortgage had been foreclosed and that ninety days had passed following the entry of the 2012 Foreclosure Judgment, Jackie brought an action in the Ellsworth District Court seeking to extinguish the lender's interest in the Property.[28] Rather than awarding Jackie the house that she and Richard, then reconciled, inhabited, following a trial held on December 3, 2013, Judge Mallonee entered a decision on the merits wherein he corrected the error in the legal description of the Property as set forth in the Mortgage that Jackie contended entitled her to ownership of a "mortgage free" house.[29] The court further held that Jackie's interest in the property was subject to the Bowden Mortgage and that her dismissal from the 2012 case "appeared to have been based on a mistake of fact as to the property at issue, As the evidence in the instant case demonstrated, [Jackie] did indeed have an interest in the property being foreclosed upon."[30] [31] The Judgment also specifically established the standing of the lender at the time, Nationstar Mortgage, LLC ("Nationstar"), (U.S. Bank's predecessor-in-interest), unimpeded by the error in the legal description attached to the 2006 Bowden Mortgage.[32]

The Bowden Mortgage was assigned to U.S. Bank by virtue of a Quitclaim Assignment dated December 20, 2019, and recorded in the Hancock County Registry of Deeds in Book 6996,

---

[27] *See* 2012 Foreclosure Judgment, Doc 54-4, #277.
[28] *See* Declaratory Judgment, HANDC-RE-2012-00019 (Feb. 13, 2014), Doc 54-6, #286-88.
[29] *Id.* at 3.
[30] *Id.*
[31] *See White*, 2015 ME 145, at ¶¶ 6, 11-13.
[32] Declaratory Judgment, HANDC-RE-2012-00019 (Feb. 13, 2014), Doc 54-6, #288.

Page 828.[33] The loan matured on October 1, 2020, and specifically in the Note, Richard Bowden agreed that he would

> make [] payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on October 01, 2020, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."[34]

Neither Richard nor Jackie elected to pay off the Bowden Note on or before October 1, 2020. As discussed during the deposition held on February 20, 2024, apparently the Defendants' failure to pay off the Bowden Note was not based on an inability to pay.[35] Richard admitted to having sufficient funds set aside to bring the loan current or pay the loan off entirely stating, "[w]e have enough savings between the two of us, and equity and other properties, that we could probably easily finance it, if not pay it outright . . .[How much do you have in Savings?] Between the two of us, I don't know, 150[thousand] at least."[36]

    Notwithstanding the fact that the Notice to Cure served as a prerequisite to the 2012 Judgment was necessarily approved as an element of proof in obtaining the 2012 Foreclosure Judgment, and despite the fact that neither Richard nor Jackie was entitled to an additional Notice to Cure the mature loan, on May 10, 2021, the Defendants were sent an additional 6111 Demand/Notice of Mortgagor's Right to Cure that included language specifically acknowledging that the letter was not an attempt to collect a debt based on Richard's bankruptcy discharge and that the loan was mature.[37]

    As set forth more fully in the limited Motion for Summary Judgment, Jackie and Richard

---

[33] *See* Quitclaim Assignment; Doc 54-3, #275.
[34] *See* Note ¶ 3; Doc 54-1, #397.
[35] *See* Dep. Tr. at 14:18-14:20, Doc 54-9, #522.
[36] *See id.*
[37] *See* Notice of Mortgagor's Right to Cure; Doc 54-11, #629-57.

assert that they may avoid judgment in the instant *in rem* foreclosure action based upon alleged defects in the 2021 6111 Demand Letter. While neither Richard nor Jackie were entitled to an additional Notice to Cure this mature loan, the agreed facts reflect that the difference between the principal due in the 2011 figures as set forth in the 2012 Foreclosure Judgment and the principal (labeled "Payments") set forth in the 2021 6111 Demand Letter is $205.92. The $205.92 was included and itemized in the 2012 Foreclosure Judgment as late charges.[38] The $205.92 was included in the pay-off statement and the 2021 6111 Demand Letter as principal as it had been moved to principal as a deferment (non-interest-bearing amount) by the prior servicer.[39] The 6111 Demand Letter informed the Defendants of the total amount due on the mature loan and the deadline by which the total due had to be paid to avoid foreclosure, which was thirty-five (35) days from receipt of the Letter.[40] It is not disputed that despite an ability to pay, the loan was not paid upon receipt of the 2010 Notice to Cure relied upon in the 2012 Judgment; nor upon maturity; nor upon receipt of the 2021 Notice.

### IV.     ARGUMENT AND AUTHORITIES

As a result of the 2012 Judgment, Richard's 2010 transfer of his interest to Jackie, and Richard's Ch. 7 Discharge, this is an *in rem* action against the property only to foreclose any remaining property rights Jackie may have. Based on the prior valid 2012 Foreclosure Judgment, including the inherent determination that any requisite Notice of Right to Cure was valid, all right, title, and interest of the Bowden's in the property, following the expiration of the 90 Day Redemption period, has been extinguished.  Moreover, Jackie is not a borrower-defendant, is not on the Note and, as such, she has no right to *cure* the mature Bowden loan, (matured in 2020, in default since 2010), and for this reason Summary Judgment in favor of the Plaintiff on the issue

---

[38] *See* Judgment for Foreclosure and Sale HANDC-2010-00215; Doc 54-4, #277.
[39] *See* Affidavit of Michael Paterno, Plaintiff's Additional Record Material, filed herewith.
[40] *See* Notice of Mortgagor's Right to Cure; Doc 54-11, #629-57.

of the necessity and propriety of the 2021 14 M.R.S. § 6111 Notice advanced in the Defendants' Motion for Summary Judgment is properly resolved as a matter of law in the Plaintiff's favor.

### A. Res Judicata: any 6111 Notice Requirement was Satisfied by the 2012 Judgment.

In light of the final Judgments in the lender's favor in both the 2012 Foreclosure and the 2014 Declaratory cases, the key issues before this Court have been determined as a matter of law. As this Court has recently reminded litigants, "[R]es judicata is a general doctrine that 'prevents the relitigation of matters already decided.'"[41] "There are two kinds of res judicata: claim preclusion and issue preclusion."[42] This Court further clarified that

> [c]laim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been[,] litigated in the first action.[43]

"To determine whether the matters presented for decision in the instant action were or might have been litigated in the prior action, [state courts] examine whether the same cause of action was before the court in the prior case."[44]

The lens through which a Court is to consider whether the prior judgment is wide,

> A cause of action is evaluated 'through a transactional test, which examines the aggregate of connected operative facts that can be handled together conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the

---

[41] *Chagnon v. Teske*, 2024 WL 1374761, *2, *quoting Pearson v. Wendell*, 125 A.3d 1149, 1157 (Me. 2015) (quoting *Portland Water Dist. v. Town of Standish*, 940 A.2d 1097, 1099 (Me. 2008)).

[42] *Id., quoting Pearson*, 125 A.3d at 1157. "The preclusive impact of a prior judgment is a question of law." *Id., quoting Wells Fargo Bank, Nat'l Ass'n v. Bump*, 244 A.3d 232, 236 (Me. 2021).

[43] *Id., quoting Finch v. U.S. Bank, N.A.*, 307 A.3d 1049, 1058 (Me. 2024).

[44] *Id., quoting Wilmington Tr. Co. v. Sullivan-Thorne*, 81 A.3d 371 (Me. 2013) (alteration and quotation marks omitted).

same nucleus of operative facts, and sought redress for essentially the same basic wrong.'[45]

In the instant case, the 2012 Foreclosure Judgment *in favor of the lender*, in privity with U.S. Bank, on the same loan, foreclosing the same Mortgage against the same property, precludes relitigating, by either of the Defendants, any of the essential elements of proof that underlie that Judgment including the sending of a compliant §6111 Notice.[46] At the time the §6111 Notice underpinning the original 2012 Foreclosure Judgment was sent, the loan was not yet mature and could have been cured by Jackie notwithstanding the fact that she had no personal liability for the underlying debt. Prior to the October 2020 maturity, after the rights and obligations of all were clarified in the 2014 Declaratory Judgment, the loan could have been cured. After receiving the 2021 Notice, prior to the initiation of this action, the loan could have been paid off but not cured. It was not--despite the Defendants' stated ability to do so.[47] The 2021 notice served as a reminder of that opportunity, but the "Right to Cure" element of the Foreclosure was previously established and the parties, both on the lender side and the defendant

---

[45] *Id.* (alteration, citation, and quotation marks omitted).

[46] *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508, outlines the eight elements of proof to support a judgment of foreclosure:
• the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;
• properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage;
• a breach of condition in the mortgage;
• the amount due on the mortgage note, including any reasonable attorney fees and court costs;
• the order of priority and any amounts that may be due to other parties in interest, including any public utility easements;
• evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;
• after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and
• if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

[47] *See* Richard's February 20, 2024, Deposition Page 14, Lns 18-20, Doc 54-9, Exh. I, # 522.

side, in privity with each other, are bound by the 2012 *in rem* Foreclosure Judgment. This action, brought to extinguish any cloud on title that may have been created by the 2014 Declaratory Judgment confirming Jackie's interest in the property was subject to the Mortgage, should be determined in U.S. Bank's favor based on the 2012 favorable decision on the *in rem* Foreclosure Complaint.[48]

### B. No additional 6111 Notice was Required to Foreclose the Interest of non-borrower Jackie on this Mature Loan.

Even if the validity of a 6111 Notice was not determined as a matter of law in the 2012 Foreclosure Judgment, Jackie, as a non-borrower, was not entitled to any Demand Notice under the Note. Where, as here, Maine is a mortgage title state, it is only the equity of redemption that a foreclosure terminates.[49] In *Johnson-Toothaker* Judge Levy reminded litigants that "Maine is a title theory state, meaning that "a mortgage is a conditional conveyance vesting legal title to the property in the mortgagee, with the mortgagor retaining the equitable right of redemption and the right to possession."[50] Judge Levy further explained that long standing precedent provides that,

> . . . even if a note secured by a mortgage becomes unenforceable, the mortgage may still be foreclosed: "[T]he running of the period of limitations during which the provisions of the note may be enforced does not eliminate the existence of the debt obligation itself, nor does it abrogate the mortgage securing the debt or affect the foreclosure remedies available to the mortgagee." [51]

For decades litigants have relied on the principles as set forth in *Johnson,*

> In *Johnson*, the Law Court concluded that a mortgagee was not precluded from foreclosing on the mortgage despite being barred from pursuing a separate action on the note evidencing the debt,

---

[48] *Finch v. U.S. Bank, N.A.*, 307 A.3d at 1058.
[49] *Johnson-Toothaker v. Bayview*, at *4, *citing Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶ 8, 2 A.3d 289 (citing *Johnson v. McNeil*, 2002 ME 99, ¶ 10, 800 A.2d 702), *see also U.S. Bank v. Gauthier,* 2024 WL 1953624, at *4-5.
[50] *Id.*
[51] *Id., citing Johnson*, 2002 ME 99, ¶ 13, 800 A.2d 702.

because the debt itself still remained and thus the mortgage was not extinguished. *Id.*[52]

The First Circuit's decision in *Summers v. Financial Freedom Acquisition LLC*,[53] explains that the underlying rational for a mortgage's independent enforceability stems from the fact it was given in a Mortgage Title Theory State. In a Mortgage Tile Theory State "the right to foreclose should be treated as separate and distinct from the right to collect the underlying debt."[54]

It is the post-bankruptcy, *in rem*, enforcement of the Bowden Mortgage that this action involves. Neither Richard nor Jackie can escape the inherent favorable determination of all the necessary elements of foreclosure that the 2012 Foreclosure Judgment represents.

The Mortgage, to which Jackie is subject to by operation of law, was foreclosed in 2012. The 2014 Declaratory Judgment related back to the granting of the Mortgage and did not resurrect, vacate or overrule the 2012 *in rem* Foreclosure Judgment.[55] The Right to Redeem the property following the 2012 Foreclosure Judgment was extinguished after 90 days when it was not exercised. For this reason, as a matter of law, the elements of the instant *in rem* foreclosure have already been established and there is nothing in the Motion for Summary Judgment, attacking a Notice that Jackie was not entitled to, that precludes Judgment from entering in U.S. Bank's favor as a matter of law.

### C. Even if a second §6111 Notice was Required, the 2021 Notice on the Mature Loan to Jackie was sufficient and Judgment must Enter for the Plaintiff.

---

[52] *Id., citing Johnson*, at ¶¶ 1, 13.
[53] 807 F.3d 351 (1st Cir. 2015)
[54] *Id*. at 358.
[55] *KeyBank Nat'l Ass'n v. Keniston*, 2023 ME 38, ¶ 15, 298 A.3d 800 ("Maine is a title theory state and a mortgage is a conditonal conveyance vesting legal title in the mortgagee . . ." (internal quotations omitted)).

While Jackie has no standing to challenge a notice she was not entitled to receive in the first place and did not challenge in the 2012 Foreclosure before consenting to be dismissed, it is also true that the additional Notice of the Mortgagor's Right to Cure satisfied the notice requirements of the Bowden Note.[56] The location of the $205.92 in the letter is irrelevant in this *in rem* foreclosure because neither defendant is liable for the underlying debt and neither was entitled to an additional notice. The total due on the mature loan was accurate and not tendered. It is not disputed that the difference between the principal due in the 2011 figures as set forth in the 2012 Foreclosure Judgment and the Principal (labeled Payments) set forth in the 2021 letter is $205.92. The $205.92 was included and itemized in the 2012 Foreclosure Judgment as late charges.[57] The $205.92 was included in the pay-off statement and the 2021 Demand/Notice as principal as it had been moved to principal as a deferment (non-interest-bearing amount) by the prior servicer.[58]

## V. PLAINTIFF'S COUNTER-MOTION FOR SUMMARY JUDGMENT

The parties agree that the 2012 Foreclosure Judgment is valid. If the 2012 Foreclosure Judgment is valid, then all elements of foreclosure required by law, including the proof of a valid Notice of Right to Cure served on the borrower-defendant (Richard) were duly established as a matter of law. Where, as here, all elements of the foreclosure have been established as a matter of law, the parties are in privity, and Jackie was not and is not, as a non-borrower owner, entitled to notice pursuant to Section 6111, Summary Judgment for U.S. Bank on the Complaint is warranted.

Even if Jackie were not estopped by virtue of *res judicata* from contesting the validity of the 2012 Foreclosure Judgment where, as here the loan is mature, and she is not a "borrower

---

[56] *See Wilmington Trust N.A. v. Vigneault*, 2021 WL 3598534, *3, *4 (D. Me. 2021).
[57] *See* Judgment for Foreclosure and Sale HANDC-2010-00215; Doc 54-4, #277.
[58] *See* Affidavit of Michael Paterno filed herewith.

defendant" personally obligated on the note, she has no right to a Notice of Cure. This is an *in rem* action against the property only, based on the prior valid foreclosure judgment as well as the prior determination that the prior Notice of Right to Cure was valid, all right title and interest of the borrower Richard Bowden was extinguished. Jackie is not a borrower, is not on the Note and she has no right to *cure* the mature loan in default since 2010 and as such, summary judgment against Jackie in U.S. Bank's favor is also proper if reviewed on the merits.

WHEREFORE, the Plaintiff requests that this Honorable Court deny Defendant's Motion for Summary Judgment and grant Plaintiff's cross-motion for Judgment of Foreclosure and Sale.

DATED: June 12, 2024

/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

## CERTIFICATE OF SERVICE

      I, Reneau J. Longoria, Esq., hereby certify that on this <u>12th</u> day of June 2024 I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

<u>/s/ Reneau J. Longoria, Esq.</u>
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

## SERVICE LIST

John Z Steed, Esq.
PO Box 386
Blue Hill, ME 04614


JP Morgan Chase Bank, N.A.
c/o CT Corporation System
128 State Street, #3
Augusta, ME 04330