# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | **CIVIL ACTION NO: 1:21-cv-00214-LEW** |
| **Plaintiff** | |
| vs. | **RE:** <br> **30 Phoenix Lane, Blue Hill, ME 04614** |
| **Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden** | **Mortgage:** <br> **September 18, 2005** <br> **Book 4300, Page 177** |
| **Defendants** | |
| **JPMorgan Chase Bank, N.A.** | |
| **Party-In-Interest** | |

NOW COME the Defendants, by and through counsel, and oppose the Plaintiff's Counter-Motion for Summary Judgement and Reply to its Opposition to the Defendants' Motion for Summary Judgment.

## I. Introduction

"In Maine, foreclosure is a creature of statute." *Bank of Am., N.A. v. Greenleaf*, 96 A.3d 700 (Me. 2014)." Plaintiff asks, in its one-count Amended Complaint, that this Court order a foreclosure and sale pursuant to 14 M.R.S. §§ 6101-6327 (2023) ("the Statute"). Specifically, the Amended Complaint asks for possession of the Defendants' home, under 14 M.R.S. § 6322, and asks for a finding that the Defendants are "in breach of the Note for failure to make payment." (Doc. 31, at pp. 8-10, Page ID#159-160). No other relief is sought.[1] As outlined in the Defendants' Motion for

---

[1] It may be that the Plaintiff would have been well-served to bring a declaratory judgment or partition action to resolve some of the novel questions in this case. Before us now, though, are questions of statutory compliance.

Summary Judgment, the Plaintiff cannot prove that they sent a proper Notice, as required under 14 M.R.S § 6111, before starting this foreclosure.

For mortgages where the property is the mortgagor's primary residence, a "mortgagee may not accelerate maturity of the unpaid balance of the obligation <u>or otherwise enforce the mortgage</u> because of a default consisting of the mortgagor's failure to make any required payment" (14 M.R.S. §§ 6111)(emphasis added) unless they send a notice that complies with Section 6111 and they "certify and provide evidence that all steps mandated by law to provide notice to the mortgagor pursuant to section 6111 were strictly performed." 14 M.R.S. §6321. Plaintiff seeks to "otherwise enforce" whatever interest it has in the Bowden Mortgage through this action so Section 6111 applies and must be "strictly performed." It was not.

The Defendants' Motion for Summary Judgment lays out a clear argument that the Plaintiff failed to strictly perform the requirements of Section 6111. Plaintiff argues that it does not have to follow the Statute by asserting novel, unsupported, theories. The Court (and the undersigned) is "not a mind reader" and "a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). Plaintiff has failed to do this and has failed to challenge the Defendants' arguments on summary judgment. Judgment should be granted to the Defendants.

**II. Argument**

**A. There is no Exception, under Section 6111, for 'Mature' Loans**

There are no exceptions to the requirements of Section 6111 in the Statute. Plaintiff's argument would seem to be that since the loan is mature, there is no way to "cure" a default, so that Section 6111, is rendered moot. Payment of the amount due on a mature loan, to the proper party, will cure any default and have the added effect of leading to a discharge of mortgage. Plaintiff's allege

in their Amended Complaint that the Defendant(s) have breached a condition of the note and are in default, entitling it to foreclosure and sale.

Nothing in the statute suggests that a mature loan cannot be "cured" and the Plaintiff's Opposition and cross-motion offer no support in caselaw or statute for this theory. Because this argument is both incorrect and unsupported, and contrary to the plain language of the statute, judgment should be granted to the Defendants, as outlined in their Motion for Summary Judgment.

> B. An 11-Year-Old Letter does not Satisfy Section 6111's Requirements for this Action.

Plaintiff argues, based vaguely on *res judicata,* and without any supporting authority, that they do not have to send a valid 6111 Notice in this foreclosure because Ocwen sent what must have been a valid 6111 Notice before it started the 2010 foreclosure against Richard Bowden. For our purposes here, yes, there must have been a valid 6111 notice sent to Richard Bowden prior to commencing the Prior Foreclosure in 2010. But a valid 6111 Notice, from 2010, which resulted in the Prior Judgment, does serve to satisfy Section 6111 as to this foreclosure action.

The 2010 notice doesn't satisfy Section 6111 for a multitude of reasons. Had Plaintiff provided some justification for this rather bold argument, the Defendants and the Court might better be able to consider the argument. Here, the notion is just tossed out without support. Arguments that are not supported are waived. *See United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990)" *Brehmer v. Planning Bd. of Town of Wellfleet*, 238 F.3d 117, 123 (1st Cir. 2001).

Regardless, the 2010 default notice, for our purposes fails, at a minimum, to itemize the $1,999.58 due for attorney fees and the $84.00 in Property Inspection Fees that are owed on the Bowden Mortgage under the Prior Judgment. (Stip. Facts ¶ 7). There are, additionally, many tens of thousands of dollars in escrow advances, interest, and other charges that accrued in the 11 years from the time the Prior Notice was or would have been sent and this action. (Stip. Fact ¶ 16).

Additionally, that notice in 2010 was subsumed by the Prior Judgment, which gave the amount that Richard Bowden could have paid Ocwen, back in 2012, to redeem his interest. Why Ocwen, nor any of its successors, took action to enforce the Prior Judgment is a mystery, but one with little bearing on whether the Plaintiff, as the assignee of the Ocwen's Mortgage Interest, has the right to now foreclose on Richard or Jackie Bowden in this action based on the Plaintiff's 6111 Notice.

### C. Res Judicata does not Operate to Grant a New Foreclosure Judgment Here

Plaintiff argues, again vaguely relying on *res judicata*, but without explaining its reasoning, that the prior foreclosure judgment against Richard Bowden applies to Jackie Bowden. We can assume, based on the valid final judgment against Richard Bowden, in 2012, that the elements to support that Judgment *against Richard Bowden* were established– including the delivery of a valid 6111 Notice to Richard Bowden, but we cannot assume that for Jackie Bowden.

"For issue preclusion to apply . . . the determination upon which the preclusion claim is based [must be] be essential to the judgment of the previous court. . . . A finding is considered essential to the judgment when it relates to an ultimate fact or issue of law. The appropriate question is whether the issue was actually recognized by the parties as important and by the trier as necessary to the first judgment. *Pacheco v. Kingsley*, 2022 Me. 63, 3-4 (Me. 2022) (Citing Restatement (Second) of Judgments § 27) (internal citations and quotations omitted). A finding that Jackie Bowden was sent a valid 6111 Notice was not essential or necessary for the court in the Prior Foreclosure to grant a judgment against Richard Bowden in 2012.

### D. Jackie Bowden is entitled to a 6111 Notice Under the Plain Language of the Statute.

The 2014 judgment says that the Plaintiff's were "found to have a mortgage interest" in Jackie Bowden's portion of the premises. See Judgment HANDC-RE-2012-00019; Doc 54-6, #288. That

makes Jackie Bowden a "mortgagor" and the Plaintiff the corresponding "mortgagee" as those terms are used in the Statute and Section 6111. See, e.g. *Mortgage Electronic Registration Systems, Inc. v. Saunders,* 2 A.3d 289, 295-96 (Me. 2010)("the mortgagee is a party entitled to enforce the debt obligation that is secured by a mortgage); s*ee also* 14 M.R.S. § 6321 ("the mortgagee or any person claiming under the mortgagee may proceed for the purpose of foreclosure by a civil action"). Before commencing a foreclosure to otherwise enforce a mortgage, a mortgagee must send a 6111 Notice to each mortgagor, and strictly comply with the requirements of Section 6111. The Plaintiff failed to do so.

**E. The Plaintiff's Motion for Summary Judgment should be Denied**

Plaintiff devotes less than a page and no citations to the record, statute, or caselaw to its Counter-Motion for Summary Judgment. The Counter-Motion is based on the unsupported arguments discussed above and, should, for the reasons outlined above, be denied.

**III. Conclusion**

The Defendants' Motion for Summary Judgment lays out a clear case for why Defendants are entitled to judgment and judgment should be granted to the Defendants.

Dated: July 8, 2024                                     Respectfully submitted,


                                                        /s/ John Z. Steed
                                                        John Z. Steed, Esq.
                                                        Island Justice
                                                        P.O. Box 771
                                                        Stonington, ME 04681
                                                        207.200.7077
                                                        john@islandjusticelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on Counsel for the Defendants when it was filed with this Court's CM/ECF system.

Dated: July 8, 2024 /s/John Z. Steed, Esq.
John Z. Steed, Esq. Bar #5399