## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | CIVIL ACTION NO: 1:21-cv-00214-LEW |
| **Plaintiff** | **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| vs. | RE:<br>**30 Phoenix Lane, Blue Hill, ME 04614** |
| **Jackie L. Bowden and Richard I. Bowden a/k/a Richard Ivan Bowden** | Mortgage:<br>**September 18, 2005**<br>**Book 4300, Page 177** |
| **Defendants** | |
| **JPMorgan Chase Bank, N.A.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff in this matter, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), by and through its undersigned counsel, and hereby files this its Reply to Richard I. Bowden a/k/a Richard Ivan Bowden, ("Richard") and Jackie L. Bowden's, ("Jackie"), Opposition to U.S. Bank's limited Cross Motion for Summary Judgment on the necessity and validity of 14 M.R.S. §6111 Notice of Right to Cure, ("6111 Notice") and Response to Opposition to the Bowden's limited Motion for Summary Judgment on the necessity and validity of 6111 Notice as a prerequisite to this *in rem* action to complete the foreclosure of its mature mortgage dated September 16, 2005, recorded in the Hancock County Registry of Deeds at Book 4300, Page 177, ("Bowden Mortgage") on 30 Phoenix Lane, Blue Hill, ME 04614, (the "Property").

.

## I. INTRODUCTION

The parties agree that the loan was defaulted on in 2010; that Richard was discharged from personal liability thereon; that the 2012 Foreclosure Judgment is valid; that the post-judgment ninety day right of redemption has run; that the 2014 Declaratory Judgment confirmed that Jackie was subject to the Mortgage granted in 2006 to obtain the loan that paid off the 2003 loan taken by Jackie and Richard on the marital premises;[1] and that the Bowden Loan has matured. The 2014 Declaratory Judgment did not explicitly, or implicitly, make Jackie a "Mortgagor" entitled to 6111 Notice of Right to Cure.  Even if it had, any Right to Cure, if not extinguished following the 90 Day Right of Redemption in 2012, was clearly extinguished when this loan matured in 2020.  For this reason, both Richard and Jackie are estopped from challenging the instant *in rem* action to extinguish any remaining interest in the property either Defendant may have had following the 2012 Foreclosure Judgment and expiration of the 90-day Right of Redemption.[2]

Because the Defendants failed to exercise their right of redemption during the 90-day redemption period, the 2012 Foreclosure Judgment extinguished any right of redemption that either Richard or Jackie possessed.[3]  Contrary to the argument in Defendants' Opposition to the Cross-Motion for Summary Judgement, the post-judgment, post-expiration of the 90-day cure period Declaratory Judgement did not give Jackie a "right" to a new foreclosure, let alone a "Right to Cure" this mature loan.

## II. ARGUMENT AND AUTHORITIES

**A. The "Right to Cure" by definition does not apply, where, as here, the loan is Mature.**

In their Response to Plaintiff's Motion for Summary Judgment the Bowdens rely upon

---

[1] *See* Declaratory Judgment, February 13, 2014, HANDC-RE-2012-00019; Doc 54-6, #286-88.
[2] *See Finch v. U.S. Bank, N.A.*, 307 A.3d 1049, 1058 (Me. 2024).
[3] *See KeyBank National Association v. Keniston,* 2023 ME 38, ¶15-17, 298 A.3d 800, 805-806 (2023).

the "otherwise enforce" language set forth in the Right to Cure statute in support of their argument that at least Jackie has a "Right to Cure" the unredeemed mature loan. The plain meaning of the governing foreclosure statute clearly indicates that it confers upon borrowers a right to cure their arrears prior to foreclosure. The statute expressly indicates that a borrower may cure their default "by full payment of all amounts that are due *without acceleration*."[4] (emphasis added) Where, as here, the loan has already matured, there is no need to accelerate the maturity of the unpaid debt under the terms of the Mortgage. The borrowers could have paid the debt in full, but there are no monthly payment arrears to cure after October 1, 2020.

The Bowdens attempt to sidestep the plain meaning of the statute by characterizing U.S. Bank's argument as an "exception" to the rule for mature loans. This is incorrect. It is true there is an exception to the requirement to send a Right to Cure for properties that are not owner-occupied, or given for business purposes, but the Right to Cure does not even arise on a mature loan. The Bowdens argue that "Payment of the amount due on a mature loan, to the proper party, will *cure* any default and have the *added effect* of leading to a discharge of mortgage." (emphasis added)[5] Payment in full discharges and does not cure a loan. Discharge is not an "added effet." Payment in full ends the contractual relationship of the parties. In contrast, *cure* of a default repairs and continues the exiting relationship under the terms of the contract. It is fundamental, based on the plain meaning of the words of the statute, that the Right to Cure was never intended to apply to mature loans, such as the instant loan, that do not require acceleration prior to foreclosure.[6] This is not, as the Defendants suggest, a "novel or unsupported" theory, nor does it take "mind reading" to understand as a plain reading of the words in the statute supports the argument that there is no "Right to Cure" after a loan has matured.

---

[4] 14 M.R.S. § 6111.
[5] [ECF 63 at Pg ID 715].
[6] *Cf. Finch*, 307 A.3d at 1055 ¶ 6 (describing the provisions of § 6111 as a prerequisite to acceleration).

It is rare that a loan reaches maturity in default without first being foreclosed but given the impact of the *Greenleaf*[7] decision, and the time it has taken to obtain Quitclaim assignments from originators to address any standing concerns, it is not unprecedented that a mature loan, particularly one that was discharged against the only obligor in bankruptcy in 2010, would mature before the foreclosure process was complete. The time this has taken is not a "mystery"[8] as the 2019 Quitclaim Assignment was followed by the pandemic and a moratorium on foreclosing occupied properties. This *in rem* foreclosure was initiated after the pandemic moratorium was lifted to extinguish any rights either of the Bowdens had in the premises. The Bowdens are not prejudiced by the time it has taken to foreclose the lien as they have enjoyed 14 years of mortgage free occupancy of the property.

**B.     There is no "Right to Cure" but even if there was, the "Right to Cure" that supported the valid Judgment cannot be challenged post-judgment.**

U.S. Bank was in no way "vague" in its assertion of, and analysis of, the application of the rule of *res judicata* or judicial estopple to bar the Defendants' challenge to the foreclosure. The Bowdens acknowledge that the Foreclosure Judgment is valid, and if valid, it clearly bars the Bowdens from challenging this foreclosure.

Notwithstanding the application of *res judicata*, the Bowden's attempt to peel back and challenge the judgment that was never appealed, or even contested, and argue that listing $1,999.58 for attorney fees and $84.00 in property inspections was not a sufficient breakdown must be rejected.[9] By its Judgment in the prior action, the Court implicitly found that the breakdown was sufficient and the Bowdens cannot challenge that uncontested determination of a key issue in the case here after receiving a discharge from liability, particularly now that the loan is mature.

---

[7] *Bank of America v. Greenleaf,* 2014 ME 89, ¶13, 96 A.3d 700, 708 (2014).
[8] [ECF 63 at Pg ID 717].
[9] *See Wilmington Trust N.A. v. Vigneault*, 2021 WL 3598534, *3, *4 (D. Me. 2021).

Finally, in this section the Bowdens argue that the notice underlying the valid judgment was not sufficient because the lender has advanced 14 additional years of taxes and insurance since the Judgment entered.[10] The fact that the Bowdens did not vacate the property after the discharge entered and after the judgment entered, does not form a legal basis to challenge the prior foreclosure. In her Declaratory Judgment action Jackie raised the question of whether her interest in the property was extinguished because of the legal description error and her failure to sign the mortgage. Those questions were answered in the lender's favor and the Court held that she intended to mortgage her interest in the subject premises when she obtained and benefitted from the loan. By failing to advance any legal defenses and consenting to the dismissal from that action, Jackie missed her opportunity to advance defenses to the foreclosure based on the inadequacy of the Notice to Cure.

The Bowdens, despite an ability to pay, chose to "wait it out" and see how long they could live mortgage free. Over fourteen years as it turns out, but the journey has not been a *mystery* as the parties have engaged throughout the years to resolve through a succession of attorneys and evolution of case law. The maturity of the loan, the failure to redeem within 90 days of the entry of Judgment and a plain reading of the statute combine to preclude Jackie from challenging this *in rem* foreclosure.

C.  *Res Judicata* **does Operate to Support a New Foreclosure Judgment.**

In this section the Bowdens acknowledge the application of *Res Judicata* to Richard but not Jackie. It is argued that a finding that Jackie was sent a valid 6111 Notice was not essential or necessary for the prior judgment.[11] As outlined above and in previous briefing, Jackie was not entitled to 6111 notice at the time the prior judgment entered. She is not and was not a borrower. Moreover, she did not sign the mortgage and the legal determination that she had in fact

---

[10] [ECF 63 at Pg ID 716].
[11] [ECF 63 at Pg ID 717].

mortgaged her interest was not made until after the judgment entered. She could have remained a party in the first foreclosure, she could have mounted that defense, but she elected not to. It is well-settled that issue preclusion operates to bar a party *or their privies* from re-litigating an issue that has already been decided by the Court.[12] (emphasis added)

The Judgment entered and after 90 days any right of redemption the couple had to pay and retain an ownership interest in the property expired. The 2014 Declaratory Judgment did not resurrect a right of redemption for the non-borrower spouse. This is as it should be because the non-borrower spouse is not entitled to redeem nor is she responsible for any resulting deficiency. Nevertheless she has lived in this property mortgage free for fourteen years.

D.  **Jackie Bowden is not entitled to a 6111 Notice of Right to Cure under the Plain Language of the Statute.**

In this section the Bowdens accurately quote the 2014 judgment which clearly holds that that "the Plaintiff's were 'found to have a mortgage interest' in Jackie Bowden's portion of the premises."[13] The Bowdens then argue, citing *Saunders*[14] and 14 M.R.S. § 6321, (defining what a *Mortgagee* is) that the 2014 holding "makes Jackie Bowden a "mortgagor" and the Plaintiff the corresponding "mortgagee" as those terms are used in the Statute and Section 6111."[15] That is not what the Court held. The 2014 action was brought post-foreclosure Judgement and post-expiration of the Right of Redemption. The Court denied the relief Jackie sought in the action and stopped short of resurrecting or creating any "Right to Cure" by clearly confirming the lenders mortgage interest in the property notwithstanding the issues raised by Jackie in her Complaint. Jackie did not appeal that decision and cannot now argue that it gave her a new bundle of rights, previously extinguished by statute, when the Right of Redemption expired 90

---

[12] *See FEDEQ DV 004, LLC v. City of Portland*, 597 F.Supp.3d 463, 473-474 (D.Me. 2022).
[13] *See* Judgment HANDC-RE-2012-00019; Doc 54-6, #288." [ECF 63 Pg ID #718]
[14] *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2 A.3d 289, 295-96 (Me. 2010).
[15] [ECF 63 Pg ID #718]

days after Judgment entered.

### E. The Plaintiff's Cross-Motion for Summary Judgment on 6111 should be Granted.

In this section, the Bowdens criticize the brevity of the Plaintiff's limited Motion for Summary Judgement and rely on their prior argument to oppose same. The Summary Judgment advanced by Plaintiff is concise because the argument is straightforward. There was a valid prior judgment of Foreclosure and Sale. The parties acknowledge its validity. Neither party even contested the entry of that Judgment. Richard, the sole obligor on the Note, obtained his Chapter 7 Discharge. The 90-day right to redeem the property was not exercised. Jackies attempt to crawl out from under the consequences of that Judgment and the expiration of the right of redemption was rejected in 2014. The prior determination of these critical issues in the 2012 and 2014 cases mandate an *in rem* Judgment as a matter of law in Plaintiff's favor on these issues.

### III.  CONCLUSION

Even if Jackie was somehow "added" to the mortgage by the 2014 decision, which she was not, and even if she somehow had standing and could resurrect a "Right to Cure" her husbands' obligation surrendered in his bankruptcy to obtain his discharge—she waited too long. This loan matured in 2020 and with that maturation, any possible remaining "Right to Cure" was extinguished. For this reason, Summary Judgment for the Plaintiffs on this issue as a matter of law is warranted.

DATED: July 22, 2024

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
John A. Doonan, Esq., Bar No. 3250
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C

Beverly, MA 01915  
(978) 921-2670  
JAD@dgandl.com  
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 22nd day of July 2024 I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

**SERVICE LIST**

John Z Steed, Esq.
PO Box 386
Blue Hill, ME 04614


JP Morgan Chase Bank, N.A.
c/o CT Corporation System
128 State Street, #3
Augusta, ME 04330