UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| US BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 1:21-cv-00214-SDN |
| JACKIE L. BOWDEN and RICHARD I. BOWDEN, | ) ) ) | |
| Defendants | ) ) | |

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

In this foreclosure action, Plaintiff U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, and Defendants Jackie and Richard Bowden have filed cross-motions for summary judgment. Because I conclude that U.S. Bank Trust (1) is barred by res judicata from obtaining a second foreclosure judgment against Richard[1] and (2) failed to provide Jackie a proper notice of the right to cure as required by Maine law, I grant the Bowdens' motion for summary judgment and deny that of U.S. Bank Trust.

**I. Stipulated Facts**

The parties stipulate to the following facts. *See* Local Rule 56(b) ("Nothing in this Local Rule 56 precludes the parties from filing a stipulated statement of material facts as to all, or some, of the facts underlying a motion for summary judgment, or any opposition thereto.").

---

[1] For ease of understanding, when referencing the defendants individually, I will refer to them by their first names.

1

In 1986, Jackie and Richard Bowden acquired real property located at 30 Phoenix Lane in Blue Hill (the "property"). Stipulated Facts (ECF No. 56) ¶ 1. The property has been Jackie's primary residence since that time and Richard's primary residence except from January 2010 to early 2013. *Id.* ¶ 20. In 2005, Richard executed a note in the amount of $125,000 in favor of Taylor, Bean & Whitaker Mortgage Corp., which was secured by a mortgage on the property. *Id.* ¶¶ 2-3. In February 2010, pursuant to their divorce decree, Richard transferred his interest in the property to Jackie via a quitclaim deed.[2] *Id.* ¶ 4. In September 2010, Richard filed for Chapter 7 bankruptcy and received a discharge. *Id.* ¶ 5.

In January 2012, then mortgagee Ocwen Loan Servicing, LLC,[3] obtained a foreclosure judgment in state court against Richard only, which the parties stipulate was valid and final and foreclosed his interest in the property at issue in this case.[4] *Id.* ¶ 8. The judgment established that the following amounts were owed under the terms of the note and mortgage:

| | |
|---|---:|
| Principal Balance | $93,845.77 |
| Accrued Interest | 7,144.86 |
| Escrow Advance | 2,903.23 |
| Late Charges | 205.92 |
| Property Inspection Fees | 84.00 |
| Title Report Fees | 300.00 |
| Prior Bankruptcy Costs & Fees | 775.00 |

---

[2] The Bowdens have since reconciled.
[3] Although not outlined in the parties' stipulated facts, the record reveals that Mortgage Electronic Registration Systems, Inc., acting as nominee of Taylor, Bean & Whitaker Mortgage, assigned the mortgage to Ocwen Loan Servicing in 2010. *See* ECF No. 54-3 at 1. Taylor, Bean & Whitaker Mortgage later ratified that assignment in 2015. *See id.* at 4.
[4] Jackie originally was a party to the foreclosure proceedings but was dismissed by consent before the judgment issued. *See* ECF No. 54-5 at 2-3.

      Attorney's Fees & Costs                                                1,999.58

      **Total**                                                              **$107,258.36**

*Id.* ¶ 7; ECF No. 54-4 at 2. The judgment also stated that "additional interest is accruing at $12.86 per day." Stipulated Facts ¶ 7.

Thereafter, Jackie brought a quiet title complaint against Ocwen in a separate state court action. *See* ECF No. 68-1. In February 2014, after a trial, the state court issued a judgment declaring that Jackie's interest in the property was subject to the mortgage.[5] *Id.* ¶ 10. The judgment established the standing of then mortgagee Nationstar Mortgage LLC[6] to enforce the mortgage but recognized that Richard was not personally liable for the debt because of his bankruptcy discharge and Jackie was not personally liable for the debt because she did not sign the note. *Id.* ¶ 11.

The mortgage was assigned to U.S. Bank Trust thereafter.[7] *Id.* ¶ 12. Ocwen and U.S. Bank Trust are in privity as to the foreclosure judgment against Richard. *Id.* ¶ 23. The Bowdens are in privity with each other as to the mortgage and the property. *Id.* ¶ 25. The last payment made on the note was in 2010, and, by its terms, the note matured in October 2020. *Id.* ¶¶ 13-14.

In May 2021, U.S. Bank Trust sent the Bowdens a notice of the right to cure that specified it was not an attempt to collect on the underlying debt. *Id.* ¶ 15. The notice purported to provide an "itemization of all past due amounts, including, but not limited

---

[5] The 2014 state court declaratory judgment also resolved an ambiguity in the mortgage's property description, which listed the property at issue but referenced the book and page number of a different parcel Richard previously owned. *See* ECF No. 54-6 at 1-3.

[6] Ocwen Loan Servicing assigned the mortgage to Nationstar Mortgage. *See* ECF No. 54-3 at 2-3.

[7] Nationstar Mortgage assigned the mortgage to U.S. Bank Trust in July 2016, *see* ECF No. 54-3 at 5, and Taylor, Bean & Whitaker Mortgage made a quitclaim assignment to U.S. Bank Trust in December 2019, *see id.* at 6.

to, reasonable interest and late charges, attorney's fees, and other reasonable fees and costs, causing the loan to be in default." *Id.* ¶ 16. Those amounts were itemized as follows:

| | |
|---|---:|
| Payments | $94,051.69 |
| Interest | 59,831.66 |
| Escrow Advances | 33,444.23 |
| Recoverable Balance | 2,143.68 |
| **Total** | **$189,471.26** |

*Id.*; ECF No. 54-11 at 3. U.S. Bank should have labeled the line item for "Payments" as "Principal." Stipulated Facts ¶ 29. The difference between the asserted principal amount due in the foreclosure judgment and the asserted amount due in the notice of the right to cure is $205.92. *Id.* ¶ 17. That amount was itemized in the foreclosure judgment as late charges but was moved to the principal "as a deferment (non-interest-bearing amount) by the prior servicer." *Id.* ¶¶ 18-19. The "Recoverable Balance" amount consists of a transferred balance from a prior servicer as well as property inspection fees and attorney's fees. *Id.* ¶ 27. The "Escrow Advance" amount consists of payments made by U.S. Bank Trust and its predecessors for property taxes and insurance. *Id.* ¶ 28.

## II. Procedural History

U.S. Bank Trust filed a complaint in this Court for *in rem* foreclosure against the Bowdens and party-in-interest JPMorgan Chase Bank, N.A.,[8] in August 2021. *See* ECF No. 1. After Jackie and Richard appeared and answered, the parties agreed to participate in mediation through the Foreclosure Diversion Program (FDP) in state court. *See* ECF No. 14. The matter was stayed from April 2022 until July 2023, *see* ECF Nos. 15,

---

[8] JPMorgan Chase Bank defaulted, *see* ECF No. 12, and U.S. Bank Trust has a pending motion for default judgment against it, *see* ECF No. 43.

28, during which period the parties attended four FDP mediations, *see* ECF No. 26. After mediation proved unsuccessful, the stay was lifted and U.S. Bank Trust filed an amended complaint. *See* ECF Nos. 28-31. Discovery closed in April 2024, after which both sides filed notices of their intent to move for summary judgment. *See* ECF Nos. 45-47. The parties then filed their cross-motions for summary judgment. *See* Bowden MSJ (ECF No. 57); U.S. Bank Trust MSJ (ECF No. 59).

### III. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." *Johnson v. Univ. of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013) (cleaned up). "A fact is material if it has the potential to determine the outcome of the litigation." *Id*.

This framework does not change in the context of cross-motions for summary judgment—the motions must be reviewed "separately, drawing inferences against each movant in turn." *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 21 (1st Cir. 2018) (cleaned up).

### IV. Discussion

The Bowdens argue they are entitled to summary judgment because U.S. Bank Trust failed to provide them adequate notice of the right to cure under 14 M.R.S.A. § 6111 (Westlaw through 2023 2d Reg. Sess.), which is an essential element of foreclosure.[9]

---

[9] "Before foreclosing on a person's residence, the lender owes a basic statutory responsibility to explain to the borrower what precisely it contends is owed or else the mortgagor would have to decide how to respond to the notice of the right to cure with incomplete information. Section 6111 is the basis for that statutory responsibility. Under the statute, a lender must send a borrower-in-default a notice to cure that includes an itemization of all past due amounts causing the loan to be in default and the total amount due to cure the

5

*See* Bowden MSJ. U.S. Bank Trust, on the other hand, argues it is entitled to summary judgment because the 2012 state court foreclosure judgment—which the parties agree is valid—establishes, by virtue of res judicata, all the necessary elements for a foreclosure judgment, including adequate notice under section 6111. *See* U.S. Bank Trust MSJ.

"In Maine, foreclosure is a creature of statute." *KeyBank N.A. v. Keniston*, 2023 ME 38, ¶ 12, 298 A.3d 800 (cleaned up). Title 14 M.R.S.A. § 6321 (Westlaw through 2023 2d Reg. Sess.) provides that a "mortgagee may proceed for the purpose of foreclosure by a civil action against all parties in interest," which "includes mortgagors, holders of fee interest, mortgagees, lessees . . ., lienors and attaching creditors." Section 6321 further provides that the "[f]ailure to join any party in interest does not invalidate the action nor any subsequent proceedings *as to those joined*." (Emphasis added.) "By the terms of section 6321," therefore, "a sale of property that has been judicially foreclosed does not convey the premises free and clear of a recorded interest if the holder of that interest is not made a party to the action." *U.S. Dep't of Hous. & Urb. Dev. v. Union Mortg. Co.*, 661 A.2d 163, 165-66 (Me. 1995).

Although the parties do not address section 6321, there can be little doubt that Jackie, as a record owner of the property, was a party in interest who should have been joined in the 2012 foreclosure action. Because Jackie was dismissed from the 2012 foreclosure action before judgment issued, however, her interest was not foreclosed.[10] *See Union Mortg. Co.*, 661 A.2d at 165-66. Nevertheless, her absence did not affect the validity

---

default." *U.S. Bank, N.A. v. Pike*, No. 2:19-cv-00396-JDL, 2023 WL 7019940, at *2 (D. Me. Oct. 25, 2023) (cleaned up).

[10] When I raised the issue of section 6321 at oral argument, U.S. Bank Trust pointed out that Jackie was initially joined in the state court foreclosure action. Be that as it may, it would be absurd to read section 6321 as providing that a dismissed party's interest is foreclosed if they were joined at first but later dismissed. *See Doe v. Reg'l Sch. Unit 26,* 2014 ME 11, ¶ 15, 86 A.3d 600 (holding that courts have a "duty to interpret [Maine] statutes so as to avoid absurd results" (cleaned up)).

of the judgment as to Richard. *See* 14 M.R.S.A. § 6321; *Onewest Bank, N.A. v. Allen*, No. Re-10-048, 2015 WL 2151314, at *1 n.1 (Me. B.C.D. Apr. 23, 2015) ("Because the '[f]ailure to join any party in interest does not invalidate the action nor any subsequent proceedings as to those joined,' plaintiff has successfully foreclosed defendant's interest in the property. 14 M.R.S. § 6321 (2014)." (alteration in original)).

U.S. Bank Trust first argues that because it is in privity with Ocwen Loan Servicing (the mortgagee at the time of the 2012 foreclosure judgment) and Jackie is in privity with Richard, the Bowdens are barred under the claim preclusion prong of res judicata from relitigating "any of the essential elements of proof that underlie" the 2012 foreclosure judgment, "including the sending of a compliant" section 6111 notice. U.S. Bank Trust MSJ at 9-10.

Under Maine law, "[c]laim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented in the second action were, or might have been, litigated in the first action." *Finch v. U.S. Bank N.A.*, 2024 ME 2, ¶ 22, 307 A.3d 1049 (cleaned up).[11] U.S. Bank Trust's argument might seem to find some traction in these three elements at first glance, but it fails to cite any authority that claim preclusion can be used offensively to prove a claim. Rather, as the name "claim *preclusion*" suggests, the weight of authority holds that it can be asserted only defensively. *See, e.g.*, *Robbins v. MED-1 Sols., LLC*, 13 F.4th 652, 657 (7th Cir. 2021) ("Claim preclusion applies *defensively*; it is invoked by a defendant who seeks to prevent a plaintiff from asserting a

---

[11] "[28 U.S.C. §] 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982). Therefore, I must look to Maine law to determine the preclusive effect of the state court judgments at issue here.

7

claim that the plaintiff has previously litigated and lost. Offensive claim preclusion is nonexistent. A plaintiff cannot reassert a claim that he has already won." (cleaned up)); *Americredit Fin. Servs., Inc. v. Lyons*, No. 3:19-cv-01045, 2022 WL 135420, at *5 (M.D. Tenn. Jan. 13, 2022) ("Plaintiff does not want to *preclude* this claim; it wants to *prevail* on this claim. Plaintiff cites no authority for the proposition that claim preclusion can be used in this kind of 'offensive' as opposed to 'defensive' manner . . . .").

In fact, although neither side fully grapples with the issue in their motions, claim preclusion operates to bar U.S. Bank Trust from relitigating foreclosure as to Richard because U.S. Bank Trust is in privity with Ocwen Loan Servicing, which obtained the 2012 state foreclosure judgment. In other words, because its predecessor in interest previously foreclosed Richard's interest in the property, U.S. Bank Trust cannot foreclose his interest again. Accordingly, Richard is entitled to summary judgment on U.S. Bank Trust's foreclosure claim on that basis. *Cf. In Re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (noting a court can raise the issue of res judicata on its own motion); *Doe v. Pfrommer*, 148 F.3d 73, 79-80 (2d Cir. 1998) (affirming a district court's summary judgment in favor of defendants based on the court's sua sponte determination that the plaintiff's claims were barred under res judicata).[12]

---

[12] At oral argument, U.S. Bank Trust mentioned in passing that one reason it named Richard in this action notwithstanding the previous foreclosure judgment against him was that there was an issue of the mortgagees' standing to foreclose until various assignment problems were resolved in 2019. To the extent U.S. Bank Trust is attempting to assert that this standing issue affected the validity of the 2012 state foreclosure judgment against Richard, that assertion is inconsistent with the parties' stipulation that the 2012 judgment was final and valid. Moreover, I am not in a position to find the state court's judgment invalid. *See Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 66 (1st Cir. 2018) (holding the *Rooker-Feldman* doctrine prohibits a federal district court from reviewing and rejecting a final state court foreclosure judgment even when a litigant asserts the judgment was "based on an invalid mortgage assignment").

U.S. Bank Trust also vaguely asserts that the issue preclusion prong of res judicata precludes Jackie from relitigating the issue of whether a valid section 6111 notice was sent. *See* U.S. Bank Trust Reply (ECF No. 65) at 5-6.

"Issue preclusion, also known as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive in an earlier proceeding to present the same factual issue or issues it wishes to litigate again in a subsequent proceeding." *In re Guardianship of Jewel M.*, 2010 ME 80, ¶ 39, 2 A.3d 301. "For issue preclusion to apply . . . the determination upon which the preclusion claim is based [must] be essential to the judgment of the previous court." *Pacheco v. Libby O'Brien Kingsley & Champion, LLC*, 2022 ME 63, ¶ 8, 288 A.3d 398. "A finding is considered essential to the judgment when it relates to an ultimate fact or issue of law. The appropriate question is whether the issue was actually recognized by the parties as important and by the trier as necessary to the first judgment." *Id.* ¶ 9 (cleaned up).

Even though Jackie and Richard are in privity with each other, *see* Stipulated Facts ¶ 25, the fact that the state court must have determined there was adequate section 6111 notice when Ocwen Loan Servicing enforced the mortgage against Richard in 2012 does not resolve the question of whether U.S. Bank Trust provided Jackie with adequate notice under section 6111 in this separate action where it is attempting to enforce the mortgage against her. *See In re Guardianship of Jewel M.*, 2010 ME 80, ¶ 39, 2 A.3d 301 (noting that issue preclusion prevents the relitigation of "*identical*" issues (emphasis added)).

U.S. Bank Trust also points to the *in rem* nature of the 2012 foreclosure judgment to argue that Jackie is estopped from challenging that all the necessary elements to support foreclosure are satisfied. *See* U.S. Bank Trust MSJ at 2. It is true that the Law

9

Court has "recognized that a foreclosure action is in rem in nature" when no deficiency judgment is sought. *Keniston*, 2023 ME 38, ¶ 16, 298 A.3d 800; *see also Judgment In Rem (in rem)*, Black's Law Dictionary (12th ed. 2024) (defining an *in rem* judgment as "a judgment that determines the status or condition of a property and that operates directly on the property itself"). Nevertheless, even in an *in rem* foreclosure action, the Law Court has emphasized that "any mortgagor or successor who can be named as a party and parties in interest must still be named in the action because the mortgagor or successor in interest has a right of redemption that must be exercised or extinguished and parties in interest may have some other interest in the property." *Keniston*, 2023 ME 38, ¶ 16, 298 A.3d 800.  And, as discussed, if an interested party is not joined in a foreclosure action, that party's interest is not foreclosed under the terms of 14 M.R.S.A. § 6321. *See Union Mortg. Co.*, 661 A.2d at 165-66.

Finally, at oral argument U.S. Bank Trust argued that Jackie was made subject to the 2012 state foreclosure judgment against Richard by virtue of the 2014 state court declaratory judgment finding her interest was subject to the mortgage notwithstanding a discrepancy in the legal description of the property and the fact that she had not signed the note or the mortgage. U.S. Bank Trust asks that I take judicial notice of Jackie's quiet title complaint in that action and argues that it—together with the declaratory judgment—shows the state court rejected her attempt to avoid the consequences of the 2012 foreclosure judgment. I will **GRANT** U.S. Bank Trust's motion (ECF No. 68) and take judicial notice of Jackie's complaint, but I fail to see how the subsequent state court action made her subject to the 2012 foreclosure judgment against Richard. The state court rejected her attempt to quiet title against Nationstar Mortgage (U.S. Bank Trust's predecessor in interest) and declared that her interest in the property was subject to the

mortgage; it also noted that her dismissal from the 2012 foreclosure action was without prejudice and seemingly based on a mistake. *See* ECF No. 54-6 at 3. But at no point did the state court declare that her interest had been foreclosed by the earlier judgment.[13] *See id.* at 1-3. Indeed, the state court even described the previous foreclosure as "ancillary" to the issues it was deciding. *Id.* at 3.

I now turn back to the issue of the notice of the right to cure. Section 6111 requires that a written notice containing certain information be sent to a mortgagor before the mortgagee enforces the mortgage. In addition to its unsuccessful res judicata arguments, U.S. Bank Trust attempts to get around this requirement by arguing that Jackie is not a mortgagor entitled to notice under section 6111 and that section 6111 does not apply because the loan at issue in this case is mature. *See* U.S. Bank Trust MSJ at 10-12.

Undermining its first argument on this point, U.S. Bank Trust itself describes the 2014 state court declaratory judgment as having found that Jackie "had in fact mortgaged her interest" in the property. U.S. Bank Trust Reply at 5-6. That makes Jackie a mortgagor within the plain meaning of section 6111. *See Mortgagor*, Black's Law Dictionary (defining "mortgagor" as "[s]omeone who mortgages property").

U.S. Bank Trust's second argument—that section 6111 does not apply to mature loans like the loan at issue here ignores the plain meaning of the statute. Although section 6111 discusses acceleration, the statute provides that a "mortgagee may not accelerate maturity of the unpaid balance of the obligation *or otherwise enforce the mortgage because of a default*" without first providing written notice of the mortgagor's right to cure the default. (Emphasis added.) Interpreting section 6111 to apply only when a

---

[13] Even if I were to accept U.S. Bank Trust's argument that Jackie was somehow made subject to the 2012 foreclosure judgment after the fact, if that was the case, U.S. Bank Trust's claims against her—like its claims against Richard—would be barred by res judicata.

11

mortgagee is attempting to accelerate an unmatured loan would render meaningless the "or otherwise enforce" language in the statute, which is contrary to Maine's rules of statutory interpretation. *See Schaefer v. State Tax Assessor*, 2008 ME 148, ¶ 13, 956 A.2d 710 ("We do not construe a statute in a way that renders portions of it meaningless."). U.S. Bank Trust also asserts that a defaulted mature loan cannot be "cured," but it cites no clear authority for that proposition and its position is undermined by the broad plain meaning of curing a default. *See Cure of Default*, Black's Law Dictionary (defining "cure of default" as a "debtor's act to correct its failure to perform, or to refrain from performing, according to the terms of an agreement").

So, having determined that U.S. Bank Trust was obligated to send Jackie a compliant section 6111 notice, the question becomes whether the notice it sent her was sufficient. As discussed, the mortgagee must send the mortgagor a notice to cure that includes an "itemization of all past due amounts causing the loan to be in default and the total amount due to cure the default" as well as an "itemization of any other charges that must be paid in order to cure the default." 14 M.R.S.A. § 6111(1-A)(B)-(C). The mortgagee "must strictly perform all requirements under section 6111, failing which" the mortgagor "is entitled to judgment on a foreclosure claim." *Pike*, 2023 WL 7019940, at *2 (cleaned up).

As the Bowdens highlight, the notice that U.S. Bank Trust sent them does not strictly comply with the requirements of section 6111. *See* Bowden MSJ at 7-12. The notice mislabels the principal amount as "Payments" and does not disaggregate everything included in the total amount to cure including late fees, property inspection fees, and attorney's fees. Stipulated Facts ¶ 16; ECF No. 54-11 at 3. These failures left Jackie "with insufficient information to determine whether the cure amount was accurate and

complete, and, in turn, make an informed response." *Pike*, 2023 WL 7019940, at *3; *U.S. Bank Tr. N.A. v. Thomas*, No. 2:19-cv-00361-JDL, 2022 WL 4546177, at *5 (D. Me. Sept. 29, 2022) (granting judgment to the defendants on a foreclosure claim because the plaintiff failed to provide an itemization of all past due amounts causing the loan to be in default as required by section 6111); *Mechs. Sav. Bank v. Lessard*, No. AUBSC-RE-15-003, 2016 Me. Super. LEXIS 84, at *12-13 (Apr. 6, 2016) (concluding a plaintiff in a foreclosure case failed "to properly itemize the additional charges" in its section 6111 notice where it was unclear whether a line item for "Fee Balance" represented "a single charge or multiple charges" for "attorney[']s fees, property inspection fees, property valuation fees, or other fees"); *see also Finch*, 2024 ME 2, ¶ 46, 307 A.3d 1049 (noting "a single typographical error" in a section 6111 notice can render it defective). Jackie is therefore entitled to summary judgment on U.S. Bank Trust's foreclosure claim.[14]

### V. Conclusion

Because the stipulated facts establish that U.S. Bank Trust is barred from pursuing foreclosure claims against Richard by virtue of the 2012 foreclosure judgment against him

---

[14] U.S. Bank Trust briefly asserts that its notice "satisfied the notice requirements of the Bowden Note." U.S. Bank Trust MSJ at 13. U.S. Bank Trust does not, however, meaningfully answer the Bowdens' arguments about the level of itemization required under section 6111. To the extent that it meant to do so by citing one case in a couple of footnotes without any explanation, its argument is waived for lack of development. *See id.* at 13 n.56; U.S. Bank Trust Reply at 4 n.9; *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). To the extent it presented a slightly more developed argument on this point at oral argument, that argument is also waived. *See Guardado v. United States*, 76 F.4th 17, 23 n.4 (1st Cir. 2023) ("[E]xcept in extraordinary circumstances, arguments raised for the first time at oral argument are considered waived." (cleaned up)). And finally, even setting aside issues of waiver, I find *Wilmington Trust, N.A. v. Vigneault*, No. 1:19-CV-572-DBH, 2021 WL 3598534 (D. Me. Aug. 13, 2021) (the one case U.S. Bank Trust cited on this point) distinguishable for the same reasons Judge Levy outlined in *Thomas*, 2022 WL 4546177, at *5 ("*Vigneault* is . . . distinguishable from the circumstances presented here because the court's analysis focused on the effects of demanding less to cure the default than what was possible to demand, rather than the failure to itemize all of the past-due amounts causing the loan to be in default. These are separate requirements. (cleaned up)).

by its predecessor in interest and that U.S. Bank Trust failed to send Jackie a compliant section 6111 notice before commencing this action, I **GRANT** the Bowdens' motion for summary judgment (ECF No. 57) and **DENY** U.S. Bank Trust's motion for summary judgment (ECF Nos. 59-60). In light of this result, U.S. Bank Trust's motion for default judgment against defaulted party-in-interest JP Morgan Chase Bank (ECF No. 43) requesting that I determine the order of priority and other related matters is **MOOT**.

**SO ORDERED**.

Dated this 18th day of December, 2024.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE